25mj100Vitunac



# SEALED

**Office of the United States Attorney**
District of Nevada
501 Las Vegas Boulevard, Suite 1100
Las Vegas, Nevada 89101
(702) 388-6336

SUE FAHAMI
Executive Assistant United States Attorney
District of Nevada
Nevada Bar No. 5634
JEAN N. RIPLEY
Assistant United States Attorney
501 Las Vegas Boulevard South, Ste. 1100
Las Vegas, Nevada 89101
Tel: (702) 388-6336
Jean.Ripley@usdoj.gov
*Attorneys for the United States*

FILED _____  RECEIVED _____
ENTERED _____  SERVED ON _____
COUNSEL/PARTIES OF RECORD

OCT 15 2025

CLERK US DISTRICT COURT
DISTRICT OF NEVADA
BY: _____ DEPUTY

# UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> vs. <br><br> CELONY JUNIOR PIERRE, <br><br> Defendant. | **SEALED** <br> **CRIMINAL INDICTMENT** <br><br> Case No. 2:25-cr-0312-RFB-DJA <br><br> **VIOLATIONS:** <br><br> 18 U.S.C. § 2261A(2)(B) 2261(b)(5) – Cyberstalking <br><br> 18 U.S.C. § 875(d) – Extortion <br><br> 18 U.S.C. § 880 – Receiving the Proceeds of Extortion |

**THE GRAND JURY CHARGES THAT:**

### Introductory Allegations

1. Beginning on or about August 13, 2023, and lasting until at least December 12, 2023, defendant CELONY JUNIOR PIERRE engaged in a course of conduct designed to intimidate, harass, and extort money from Victim 1. To elaborate:

2. PIERRE was in possession of sexually explicit messages and images relating to Victim 1. On August 13, 2023, PIERRE utilized his cellular device to send a direct message to Victim 1 threatening to make those images publicly available unless Victim 1

paid PIERRE $7,500. Because of PIERRE's threat, Victim 1 transferred $7,500 in funds to an account in the name of and controlled by PIERRE.

3. Following the August 13, 2023 threat, PIERRE continued contacting Victim 1 utilizing his cellular device in order to continue threatening to expose the sexually explicit content relating to Victim 1 unless Victim 1 continued to pay PIERRE. As a result of those threats, Victim 1 sent $3,500 to an account in the name of and controlled by PIERRE on August 16, 2023, and $7,500 on September 16, 2023.

4. After September 16, 2023, Victim 1 stopped responding to PIERRE's threats and demands for payment. Victim 1 also blocked PIERRE's telephone number on his own device. PIERRE then began utilizing third-party electronic communication service providers to create new numbers that he used to call and send direct messages to Victim 1. In many instances, PIERRE would make multiple phone calls and/or send multiple messages to Victim 1 on the same day. Many of the messages sent to Victim 1 would demand payment and/or threaten to expose the sexually explicit content relating to Victim 1.

5. During this time period, PIERRE also utilized CashApp, an electronic communication service provider that allows users to send payments with messages, to send frequent requests and demands for payment to Victim 1. Even after Victim 1 reported these requests as abusive to the provider, PIERRE continued demanding money from Victim 1. PIERRE also utilized social media accounts to contact Victim 1, including Instagram and "X," formerly known as Twitter. In some instances, PIERRE would contact Victim 1 through multiple mediums multiple times a day. For example, in multiple instances, PIERRE would use a third-party telephone number to call and/or send messages to Victim 1 and then send multiple requests and demands for payment through CashApp.

6. In sending the above-referenced communications, PIERRE at all times intended to harass and intimidate Victim 1. His course of conduct was also attempting to cause, and would have been expected to cause, substantial emotion distress to Victim 1. As a result of his PIERRE's conduct, Victim 1 did, in fact, suffer substantial emotional distress.

7. During the relevant time period and events set forth above, Victim 1 resided and was in Nevada while PIERRE resided and was in Florida.

## COUNT ONE
Cyberstalking
(18 U.S.C. § 2261A(2)(B) 2261(b)(5))

8. The factual allegations set forth above in Paragraphs 1 through 7 of the Indictment are incorporated by reference and realleged as though set forth fully herein.

9. Between on or about August 13, 2023, and on or about December 12, 2023, in the State and Federal District of Nevada and elsewhere,

**CELONY JUNIOR PIERRE,**

with the intent to harass and intimidate, engaged in a course of conduct that caused, attempted to cause, and would be reasonably expected to cause substantial emotional distress to Victim 1 utilizing an interactive computer service, electronic communication service, and electronic communication system of interstate commerce, and any facility of interstate and foreign commerce, to wit: computer, cellular device, CashApp, Instagram, "X," TextMe, Text Free Ultra, TextNow, and other electronic communication service providers, all in violation of Title 18, United States Code, Sections 2261A(2)(B) and 2261(b)(5).

## COUNT TWO
Extortion
(18 U.S.C. § 875(d))

10. The factual allegations set forth above in Paragraphs 1 through 7 of the Indictment are incorporated by reference and realleged as though set forth fully herein.

11. On or about August 13, 2023, in the State and Federal District of Nevada and elsewhere,

**CELONY JUNIOR PIERRE,**

with the intent to extort money and things of value from Victim 1, knowingly transmitted in interstate and foreign commerce telephonic and written communications that contained a true and wrongful threat to injure the reputation of Victim 1, to wit: the threat to distribute sexually explicit content related to Victim 1 unless Victim 1 agreed to transfer money into a financial account controlled by PIERRE, all in violation of Title 18, United States Code, Section 875(d).

## COUNT THREE
Receiving the Proceeds of Extortion
(18 U.S.C. § 880)

12. The factual allegations set forth above in Paragraphs 1 through 7 and 10 of the Indictment are incorporated by reference and realleged as though set forth fully herein.

13. On or about August 13, 2023, in the State and Federal District of Nevada and elsewhere,

**CELONY JUNIOR PIERRE,**

received and possessed at least $3,500 that was obtained from the transmission in interstate and foreign commerce of a communication that contained a threat to injure the reputation of Victim 1 in violation of Title 18, United States Code, Section 875(d), as described in

4

Count Two, knowing the same to have been unlawfully obtained, all in violation of Title 18, United States Code, Section 880.

### COUNT FOUR
Extortion
(18 U.S.C. § 875(d))

14. The factual allegations set forth above in Paragraphs 1 through 7 of the Indictment are incorporated by reference and realleged as though set forth fully herein.

15. On or about August 16, 2023, in the State and Federal District of Nevada and elsewhere,

**CELONY JUNIOR PIERRE,**

with the intent to extort money and things of value from Victim 1, knowingly transmitted in interstate and foreign commerce telephonic and written communications that contained a true and wrongful threat to injure the reputation of Victim 1, to wit: the threat to distribute sexually explicit content related to Victim 1 unless Victim 1 agreed to transfer money into a financial account controlled by PIERRE, all in violation of Title 18, United States Code, Section 875(d).

### COUNT FIVE
Receiving the Proceeds of Extortion
(18 U.S.C. § 880)

16. The factual allegations set forth above in Paragraphs 1 through 7 and 15 of the Indictment are incorporated by reference and realleged as though set forth fully herein.

17. On or about August 16, 2023, in the State and Federal District of Nevada and elsewhere, received and possessed at least $3,500 that was obtained from the transmission in interstate and foreign commerce of a communication that contained a threat to injure the reputation of Victim 1 in violation of Title 18, United States Code,

Section 875(d), as described in Count Four, knowing the same to have been unlawfully obtained, all in violation of Title 18, United States Code, Section 880.

### COUNT SIX
Extortion
(18 U.S.C. § 875(d))

18. The factual allegations set forth above in Paragraphs 1 through 7 of the Indictment are incorporated by reference and realleged as though set forth fully herein.

19. Between on or about September 12, 2023, and on or about September 16, 2023, in the State and Federal District of Nevada and elsewhere,

**CELONY JUNIOR PIERRE,**

with the intent to extort money and things of value from Victim 1, knowingly transmitted in interstate and foreign commerce telephonic and written communications that contained a true and wrongful threat to injure the reputation of Victim 1, to wit: the threat to distribute sexually explicit content related to Victim 1 unless Victim 1 agreed to transfer money into a financial account controlled by PIERRE, all in violation of Title 18, United States Code, Section 875(d).

### COUNT SEVEN
Receiving the Proceeds of Extortion
(18 U.S.C. § 880)

20. The factual allegations set forth above in Paragraphs 1 through 7 and 19 of the Indictment are incorporated by reference and realleged as though set forth fully herein.

21. On or about September 17, 2023, in the State and Federal District of Nevada and elsewhere,

**CELONY JUNIOR PIERRE,**

received and possessed at least $3,500 that was obtained from the transmission in interstate and foreign commerce of a communication that contained a threat to injure the reputation

6

of Victim 1 in violation of Title 18, United States Code, Section 875(d), as described in Count Six, knowing the same to have been unlawfully obtained, all in violation of Title 18, United States Code, Section 880.

## COUNT EIGHT
### Extortion
### (18 U.S.C. § 875(d))

22. The factual allegations set forth above in Paragraphs 1 through 7 of the Indictment are incorporated by reference and realleged as though set forth fully herein.

23. Between on or about September 28, 2023, and on or about October 2, 2023, in the State and Federal District of Nevada and elsewhere,

**CELONY JUNIOR PIERRE,**

with the intent to extort money and things of value from Victim 1, knowingly transmitted in interstate and foreign commerce telephonic and written communications that contained a true and wrongful threat to injure the reputation of Victim 1, to wit: the threat to distribute sexually explicit content related to Victim 1 unless Victim 1 agreed to transfer money into a financial account controlled by PIERRE, all in violation of Title 18, United States Code, Section 875(d).

## COUNT NINE
### Extortion
### (18 U.S.C. § 875(d))

24. The factual allegations set forth above in Paragraphs 1 through 7 of the Indictment are incorporated by reference and realleged as though set forth fully herein.

25. On or about October 7, 2023, in the State and Federal District of Nevada and elsewhere,

7

**CELONY JUNIOR PIERRE,** with the intent to extort money and things of value from Victim 1, knowingly transmitted in interstate and foreign commerce telephonic and written communications that contained a true and wrongful threat to injure the reputation of Victim 1, to wit: the threat to distribute sexually explicit content related to Victim 1 unless Victim 1 agreed to transfer money into a financial account controlled by PIERRE, all in violation of Title 18, United States Code, Section 875(d).

DATED: this 15th day of October, 2025.

A TRUE BILL:

/S/
FOREPERSON OF THE GRAND JURY

SUE FAHAMI
Executive Assistant United States Attorney

_____
JEAN N. RIPLEY
Assistant United States Attorney

8